Samuel H. Hofstadter, J.
The plaintiff has moved on affidavit to strike from the defendant’s answer the second, third and fourth defenses. The notice of motion states that it is made pursuant to rule 103 of the Buies of Civil Practice on the ground that these defenses are frivolous and irrelevant. This rule permits the use of affidavits to determine whether matter in a pleading is sham; since the defenses here are not assailed *977 as sham, the affidavits submitted by both parties are disregarded. The defenses are self-evidently neither irrelevant nor frivolous. However, the briefs disclose that the true ground of the plaintiff’s motion is the asserted insufficiency in law of the defenses and, since the questions have been discussed fully, the motion will, under the prayer for further relief, be treated as one addressed to the legal sufficiency of the defenses. The second defense is set up as a complete defense; the third and fourth are partial defenses. The action is brought for the loss of a carton containing raw mink skins belonging to the plaintiff, delivered to the defendant, a common carrier, to be carried from the borough of Manhattan to Idlewild Airport, for shipment to London by British Overseas Airways Oorp. The goods were lost and never reached the airport.
The second defense asserts that the plaintiff insured the goods with Lloyds of London, which paid the loss in full and thereupon became subrogated to the plaintiff’s claim; that under subdivision 4 of section 425 of the Insurance Law it is illegal for Lloyds of London to do any insurance business in this State and that neither the plaintiff nor Lloyds of London can maintain the present action. Even assuming that this action must be regarded as brought in the interest of Lloyds of London, though not in its name, and that, as a result, a defense based on the violation by Lloyds of section 425 of the Insurance Law good as against Lloyds is equally good as against the plaintiff, I am of the opinion that the second defense is insufficient. It is by no means clear that had Lloyds violated the provision either by making or performing the insurance agreement, once the agreement had been fully performed, as it has been, Lloyds would forfeit its right to sue a wrongdoer on the claim which it had acquired by subrogation. Whether a claim so acquired is subject to a taint of illegality is, however, a question which need not be decided now, for the simple reason that nowhere does the second defense allege that the insurance was effected or that any part of the performance of the insurance contract occurred in this State. No fact showing a violation of the provision invoked, whatever the effect of a violation, has been pleaded. It follows that the defense is insufficient and must be stricken.
The third partial defense alleges that the goods were delivered to the defendant pursuant to a well-established custom and course of dealings in similar transactions between the shipper and the defendant, whereby it was agreed that liability be limited to $50 per package unless a higher value was declared and increased charges paid therefor and that no *978 higher value was declared or money paid for excess declaration in respect of the lost shipment and that the defendant’s liability, if any, is restricted to $50. The plaintiff’s challenge of this partial defense rests on the contention that unless the limitation of liability is embodied in a written agreement covering the specific shipment, it cannot be given effect. The law is otherwise; though an agreement to limit liability must be clearly established by proof, it need not be in writing. An agreement between shipper and carrier may be made orally. “ A verbal contract is as obligatory as a written one when established.” (1 Hutchinson on Carriers [3d ed.], p. 428.) All that is required is that the terms of the agreement be proved to the satisfaction of the trier of the facts (Waldron v. Fargo, 170 N. Y. 130; Levinson v. Morris Transfer Co., 186 N. Y. S. 563; Reed v. Fargo, 7 N. Y. S. 185; London & Lancashire Fire Ins. Co. v. Rome, Watertown & Ogdensburgh R. R. Co., 68 Hun 598; Mobile & Montgomery Ry. Co. v. Jurey, 111 U. S. 584, 591). Whether the defendant can successfully establish the partial defense is a triable issue. The motion to strike it as insufficient is denied.
The fourth partial defense pleads a limitation of value of $522.90, based on a document entitled ‘ ‘ Instructions for Dispatch of Goods ”, which the defendant was directed by the shipper, in accordance with the plaintiff’s instructions to turn over with the goods to the British Overseas Airways Corporation at Idlewild Airport. This declared a weight of 70 pounds at $7.47 per pound or $522.90. The answer alleges that when the defendant accepted the goods and document for delivery to the British Overseas Airways Corporation it took the same subject to the declared valuation of $522.90 and hence the plaintiff is precluded from recovering more than $522.90. It is to be noted that the defendant asserts no agreement with the plaintiff to subject the defendant’s handling of the shipment to the declared value contained in the instructions to the air carrier. Nor does the defendant claim that he accepted the goods as the agent of the air carrier or that their transfer by him from Manhattan to the airport was part of their transportation by air to London. In the circumstances, the defendant ’s handling of the shipment must be regarded as independent of the transport by air, which was to begin and become subject to the air carriage contract only when the goods were turned over to the air carrier. In this respect the defendant’s position differs from that of the persons allowed the benefit of limitations in the cases cited. Those persons in discharging the functions of the bailee were acting in effect as the bailee’s *979 agent; in other situations, the defendants were doing acts incident to performance of the contract of carriage. That is not the case here, in which we have two contracts of carriage, one with the defendant, the other with the air carrier. The defendant does not show how or why the separate contract with the air carrier inures to his benefit. The fourth partial defense is, therefore, insufficient and stricken.
The defendant may serve an amended answer within 10 days after service of a copy of this order with notice of entry.